IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JEFFERY T. HENSON,<br>    Defendant. | Case No. 2:20-cr-20049-JEH-EIL-1 |

**Order**

Now before the Court is the Plaintiff United States of America's Motion for Turnover Order (D. 52) and Defendant Jeffery T. Henson's Motion to Strike Portions of Reply or, in the alternative, for a Sur-Reply (D. 230). The matter is fully briefed, and for the reasons set forth, *infra*, the Motion for Turnover Order is GRANTED and the Motion to Strike is DENIED.[1]

**I**

On October 4, 2021, Defendant Jeffery T. Henson entered a guilty plea as to Counts 1, 4, and 5 of the five-count Indictment filed against him on August 4, 2020 in the U.S. District Court for the Central District of Illinois.[2] The presiding district judge at that time entered an order approving the Magistrate Judge's Report & Recommendation and accepting the guilty plea. On February 7, 2022, Henson was sentenced and ordered to pay $436,495.93 in restitution, consisting of a $300.00

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] On September 10, 2021, a grand jury in the Northern District of Illinois indicted Henson on nine counts. *U.S. v. Henson*, Case No. 2:21-cr-20059-JES-EIL-1 (C.D. Ill) (D. 1-1). On September 28, 2021, with Henson's consent, the Northern District case was transferred to this Court, Case No. 21-20059, for disposition. *Id.* at (D. 1).

special assessment, $352,226.00 in restitution to the Federal Insurance Company (CHUBB), and $84,269.93 in restitution to Watchfire Signs.[3]

On May 13, 2022, the Government mailed a Citation to Discover Assets Third Party (D. 51) to the City of Danville – Police Department, the Answer (D. 53-1) to which revealed the City of Danville was in possession of $17,390.00 belonging to Henson.  On May 16, 2022, the Government filed the instant Motion for Turnover Order requesting that the Defendant's confiscated monies in the amount of $17,390.00 be turned over to the Court and applied to the Defendant's criminal monetary penalties owed in this case.  Thereafter, Defendant Henson filed letters, a response, and motions arguing his money was illegally confiscated because the Danville police detectives took possession of it before they obtained a valid search warrant for Henson's car (where the money was located).

On August 22, 2022 Magistrate Judge Eric I. Long entered an Order (D. 75) granting the Government's Motion for Turnover.  The Magistrate Judge explained that it was irrelevant whether the Danville Police had a valid warrant at the time they seized Defendant Henson's property.  8/22/2022 Mag. J. Order (D. 75 at ECF p. 3).  Defendant Henson appealed that Order on August 26, 2022.  On February 6, 2025, the Seventh Circuit Court of Appeals determined it lacked appellate jurisdiction to rule on the turnover motion where "the order issued by the magistrate judge was not an appealable, final decision[]"; the turnover motion was not properly assigned to the magistrate judge. *U.S. v. Henson*, 127 F.4th 1054, 1058 (7th Cir. 2025).  The Seventh Circuit explained "the turnover motion 'is still pending before the district court with a *de facto* recommendation from the magistrate judge.'"  *Id.* n.2 (quoting *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 574 (7th Cir. 2015)).

---

[3] In Case No. 21-20059, Henson was sentenced and ordered to pay $2,047,423.50 in restitution.  2/7/2022 Minute Entry, *U.S. v. Henson*, Case No. 2:21-cr-20059-JES-EIL (C.D. Ill).

Thereafter, the law firm, Jones Day, which the Seventh Circuit appointed to represent Defendant Henson on appeal[4] requested and obtained in this Court a briefing schedule on the Government's instant Motion for Turnover. Defendant Henson filed his Response to Motion for Turnover Order (D. 223), and the Government filed its Reply in Support of Motion for Turnover Order (D. 229).

II

As an initial matter, Defendant Henson's Motion to Strike Portions of Reply or, in the Alternative, for a Sur-Reply (D. 230) is denied. The "general rule" is that motions to strike are disfavored "because motions to strike potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) (stating "Motions to strike disserve the interest of judicial economy."). The substance of Defendant Henson's Motion to Strike illustrates the point that motions to strike serve to delay. He argues it is "patently improper to introduce new evidence or legal arguments in a reply brief." Def.'s M. to Strike (D. 230 at ECF p. 2). That argument is entirely unconvincing given that the parties both *repeat* the arguments they made as to the search of Henson's car in their Seventh Circuit briefs; neither side can claim surprise or an otherwise lacking opportunity to confront the substance of the other's position. In fact, as the Government points out, Defendant Henson preemptively addressed the Government's arguments in his Response to Motion for Turnover Order (D. 223 at ECF p. 2 nn.1, 2). Also, Defendant Henson, in a footnote in his Response, made the Court aware of his opposition to the consideration of any "new" evidence or arguments the Government might include in its reply brief, essentially making the Motion to Strike redundant. (D. 223 at ECF p. 6 n.3). Finally, it was Defendant Henson who sought a further briefing

---

[4] Def.'s Opposed M. to Set Briefing Schedule (D. 217 at ECF p. 2).

3

schedule on the Motion for Turnover Order, requesting a deadline for his response and for the Government's reply.

### III

18 U.S.C. § 3612(c) provides, in relevant part, that the "Attorney General shall be responsible for collection of an unpaid fine or restitution . . . ." The Mandatory Victims Restitution Act (MVRA) of 1996 provides that the United States "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). Here, the Government availed itself of Illinois law which provides that a judgment creditor "is entitled to prosecute citations to discover assets for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment[.]" 735 ILL. COMP. STAT. 5/2-1402(a). When the judgment debtor's assets that are not exempt from the satisfaction of judgment are discovered, the court may order those assets to be applied to the judgment or enter any order that could be entered in any garnishment proceeding. 735 ILL. COMP. STAT. 5/2-1402(c)(3), (c)(4). An order of restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c); *see also* 18 U.S.C. § 3613(f) ("In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.").

As the Magistrate Judge concluded in his August 2022 Order, it is irrelevant whether the Danville Police had a valid warrant at the time they seized Defendant Henson's property. 8/22/2022 Mag. J. Order (D. 75 at ECF p. 3). Henson's Response to Motion for Turnover Order, focused solely upon the alleged violation of his Fourth Amendment rights, injects "thorny constitutional issues" and "issues

of first impression" that simply do not and need not come into play at this stage of his criminal case. The following facts are determinative to the question of whether the Motion for Turnover Order should be granted.

Defendant Henson's $17,390.00 in cash does not fall under any of the listed exemptions from enforcement of the judgment. *See* 18 U.S.C. § 3613(a)(1) (citing 26 U.S.C. § 6334(a)(1)-(8), (10), (12)). He does not argue otherwise in his Response (D. 223). Defendant Henson does not dispute that money is/was his property. *See id*. at ECF p. 12 ("[T]he fact of the existence and ownership of the property was never in dispute."). In his Commentary on Sentencing (D. 37), Defendant Henson requested "that the $17,000.00 seized from him shall be applied towards the amount of restitution that he is ordered to pay." (D. 37 at ECF p. 5). At Defendant Henson's sentencing hearing, his counsel stated: "[Mr. Henson] would ask the Court to recognize that the Court – the federal government in the prosecution of this case did seize $17,000 from him when he was first arrested. We would ask that that amount be applied towards restitution." (D. 91 at ECF p. 42).[5] Defendant Henson addressed the Court at the sentencing hearing, stating, "I beg for mercy and compassion of this Court and Your Honor in hopes of . . . being able to make restitution for the atonement of these matters." *Id*. at ECF pp. 47-48. The Seventh Circuit has explained that "Congress, in adopting the MVRA, believed that the law should be concerned first with the victim's right to full restitution and the defendant's concomitant recognition of the duty to pay full restitution, albeit a largely symbolic one." *U.S. v. Day*, 418 F.3d 746, 758 (7th Cir. 2005). Ultimately, the order of restitution in this case "is a lien in favor of the United States *on all property and rights to property* of the person fined". 18 U.S.C. § 3613(c).

---

[5] Attempting to sidestep this salient comment, Henson retorts he asked that those funds be applied towards restitution because he did not know that the funds were not already in the possession of the United States. That assertion does not change the Court's analysis.

Defendant Henson does not cite any authority which has extended the exclusionary rule to post-judgment civil remedies used to collect unpaid restitution under 18 U.S.C. § 3613.[6]  This Court refuses to do so in light of the MVRA's express language and its purpose "to ensure victims are compensated for the full amount of their losses caused by a defendant's criminal conduct." *U.S. v. Betts*, 99 F.4th 1048, 1060-61 (7th Cir. 2024).  Defendant Henson's express recognition of the funds as "his funds," the express language of his Plea Agreement, his Commentary on Sentencing, his counsel's statements at sentencing, and his own statements at sentencing underscore the Court's unwillingness to extend the exclusionary rule as Henson requests.  Pl.'s Resp. (D. 223 at ECF p. 12).

The question of whether evidence of Henson's money would have been available without the illegal search is moot.

## IV

For the reasons set forth, *supra*, Defendant Jeffery T. Henson's Motion to Strike Portions of Reply or, in the alternative, for a Sur-Reply (D. 230) is DENIED, and Plaintiff United States' Motion for Turnover Order (D. 52) is GRANTED.  Though certain actions have already been taken pursuant to the Magistrate Judge's August 2022 Order, the Court orders the following in light of the Seventh Circuit Court of Appeals explaining the Magistrate Judge's Order is only a *de facto* recommendation.  Third Party Respondent, City of Danville – Police Department, is hereby ordered to turn over to the Clerk of the United States District Court, Attention:  Finance Department, 201 South Vine Street, Suite 218, Urbana, Illinois 61802, the monies totaling $17,390.00 as of May 16, 2022.  These monies should be applied to Defendant Jeffery T. Henson's outstanding restitution in this case.

---

[6] Defendant Henson insists the Government's continued lien against all of his property does not matter for constitutional purposes.

Third Party Respondent shall reference the Court Number 20-10049-001 on the payment. Once payment is received by the Clerk, the Citation to Discovery Assets directed to Third Party Respondent, City of Danville – Police Department, shall be discharged. The Clerk of the U.S. District Court for the Central District of Illinois is directed to apply the funds to the special assessment and restitution ordered in this case.

*It is so ordered.*

Entered on June 30, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE